UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK DIXON,

                Petitioner,              Case No. 2:22-cv-10465
                                         Hon. Denise Page Hood

v.

WARDEN FLOYD,

                Respondent.

_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING WITHOUT
PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, AND (2)
DENYING CERTIFICATE OF APPEALABILITY**

Michigan prisoner Frederick Dixon commenced this action by filing a
petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dixon is serving
a sentence at the Cooper Street Correctional Facility for his Washtenaw
Circuit Court narcotics conviction. The habeas petition does not challenge
the validity of Dixon's state court conviction. Instead, Dixon claims that he is
"being held in custody in violation of the Eighth Amendment. My custodian is
unable or unwilling to adequately respond to COVID-19 pandemic, which
exposes Petitioner to death or serious illness." (Petition, ECF No. 1,
PageID.2.)

I.

Dixon states that in December of 2020, he contracted COVID-19 after MDOC staff placed an inmate with a known case in his cell. Dixon stated he recovered, but that there is now a new outbreak at his facility. Dixon claims that as of the writing of the petition, there are over 300 new cases. (Id., PageID.6.)

Dixon asserts that the conditions in the MDOC make it virtually impossible to stop the spread of COVID. He states that his facility houses about 1,700 inmates, and his unit has 160 inmates who often share a common  area. Dixon notes that he is 63 years old, suffers from high blood pressure and has pre-diabetes. He asserts that he is therefore more vulnerable to serious illness from COVID. (Id., PageID.7.)

The petition claims that Dixon has filed "numerous grievances, kites, and other related documents" complaining about conditions at his facility. He claims there is no compliance with basic public health measures, and he is being exposed to a substantial risk of serious illness or death. (Id.) Dixon requests that his case be sent to the state trial court with instruction to order home confinement or compassionate release. There is no allegation in the petition that Dixon has presented any of his claims to the state courts.

II.

Promptly after the filing of a petition for habeas corpus, the Court undertakes a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; see also *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be summarily dismissed.

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus first must exhaust any state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement applies regardless whether the petition is deemed filed under 28 U.S.C. § 2254 or § 2241. See *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 237 (6th Cir. 2006); *Phillips v. Court of Common Pleas, Hamilton Cty.*, Ohio, 668 F.3d 804, 810 n.4 (6th Cir. 2012). The burden is on the petitioner to plead and prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Dixon fails to meet this burden. Though he has apparently filed grievances and complaints within the MDOC, the petition is devoid of any

3

allegations that he attempted to present his habeas claims to the state courts. And it appears state court remedies exist. Petitioner may be able to seek relief in the state courts by filing a civil action alleging unconstitutional conditions of confinement. *See Kent Co. Prosecutor v. Kent Co. Sheriff*, 428 Mich. 314 (1987)("No one now doubts the authority of courts to order the release of prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights."). Alternatively, Dixon may be able to file a motion for relief from judgment under Mich. Ct. R. 6.500 et seq. with the state trial court, as he is seeking a change in his state court sentence.

Dixon may also be able to file a state habeas petition challenging the legality of his continued confinement. *See Phillips v. Warden, State Prison of S. Mich.*, 396 N.W.2d 482, 486 (Mich. Ct. App. 1986). Finally, there may be an administrative remedy for requesting release or alternative custody by filing a grievance within the Michigan Department of Corrections, the rejection of which might be appealed in state court. Petitioner has at least one available state court remedy that must be exhausted before proceeding in federal court on a federal habeas petition. *See, e.g., Sewell v. Brown*, No. 2:20-CV-77, 2020 U.S. Dist. LEXIS 113627, 2020 WL 3542154, *3-4 (W.D. Mich. June 30, 2020)(discussing available remedies and dismissing similar § 2241 habeas petition).

The allegations in the petition do not provide a basis for excusing the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1)(B). Although the COVID-19 pandemic has had an undeniable impact on all aspects of society, including delaying court proceedings, there is no indication that state court remedies are unavailable or ineffective. *See, e.g., Money v. Pritzker*, 453 F. Supp. 3d 1103, 2020 WL 1820660, *21 (N.D. Ill. 2020)(holding that exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]"). Michigan courts have shown a willingness to consider the COVID-19 pandemic and the need to mitigate the virus's spread when making pretrial and post-conviction confinement decisions. *See People v. Chandler*, 941 N.W.2d 920 (Mich. 2020)(holding that courts must consider "the public health factors arising out of the present public health emergency to mitigate the spread of COVID-19" when making pretrial detention decisions); *People v. Calloway*, No. 349870, 2020 Mich. App. LEXIS 4863 2020 WL 4382790, at *4 (Mich. Ct. App. July 30, 2020)(holding that the requirement set forth in *Chandler* applies to convicted prisoners).

III.

For the reasons stated, the Court concludes that Dixon has not exhausted available state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

The Court **DENIES** a certificate of appealability because reasonable jurists would not debate the correctness of the Court's procedural ruling. 28 U.S.C. § 2253(c)(1)(a); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

**SO ORDERED.**

s/Denise Page Hood
Hon. Denise Page Hood
United States District Judge

Dated:  January 30, 2023